Guy A. **GREEN**, Plaintiff,

v.

**KINNEY SHOE CORPORATION**, Defendant.

**Civ. A. No. 88–0365.**

United States District Court, District of Columbia.

Nov. 28, 1988.

Gary S. Marx, Marx & Krame, Washington, D.C., for plaintiff.

Robert N. Levin, Hudock & Levin, A. Neal Barkus, Hunton & Williams, Washington, D.C., for defendant.

## ORDER

REVERCOMB, District Judge.

Defendant Kinney Shoe Corp. moved for summary judgment as to Count II of the complaint, which alleges employment discrimination under the District of Columbia Human Rights Act, D.C.Code Ann. § 1–2512 (1981). Plaintiff opposed the motion and oral argument was heard on November 17, 1988. Defendant argues that since plaintiff applied in Maryland for a position in the Washington, D.C., area, and since the decisions not to hire him were made in Maryland, plaintiff cannot maintain his claim under the District of Columbia act, even though two of the jobs for which plaintiff alleges he was not hired

because of racial discrimination were located in the District of Columbia. The Court disagrees.

■ Defendant notes that the purpose of the District of Columbia Human Rights Act was "to secure an end in the District of Columbia to discrimination." D.C.Code Ann. § 1–2501. From this and other sources, defendant apparently concludes that the District of Columbia Council intended the Act to exclude discrimination regarding jobs located in the District of Columbia simply if the application and the decision to discriminate were made outside of the District. This is not a fair reading of the Act. The broad language of the Act leads the Court to understand that the Human Rights was intended to cover all discrimination concerning jobs located in the District of Columbia, even if the application and decision to discriminate were made outside the District. To read the Act the way defendant proposes apparently would mean that any employer in the District of Columbia could evade coverage by the District's Human Rights Act simply by requiring that applications be made to a place in a suburb and by making the decision to discriminate against the applicant while in a suburb.

■ Defendant also seeks to prove its point by noting that plaintiff alleges that he was discriminated with regard to potential jobs in both the District *and* the suburbs, that plaintiff never specified that he wanted a job in the District *per se,* and that plaintiff never even alleges that he entered the District at any time. However, it *is* clear that plaintiff alleges that he was discriminated against on account of race by the decisions not to hire him for two jobs located *in the District of Columbia.* If these allegations are true, they are enough to trigger coverage under the District of Columbia Human Rights Act. The chief case cited by defendant, *Honig v. District of Columbia Office of Human Rights,* 388 A.2d 887 (D.C.1978), is not on point, because the job at issue in *Honig* was based in a jurisdiction other than the District. Two of the jobs at issue in the instant case, by contrast, were clearly jobs to be performed primarily, if not exclusively, in the District of Columbia.

■ Finally, the Court does not accept defendant's argument that plaintiff has "admitted" that the District of Columbia Human Rights Act does not apply by filing a complaint of discrimination with a county authority in Maryland. The question for this Court is a legal one—whether the facts alleged in this case give rise to a valid claim under the District of Columbia Human Rights Act—and is not affected by the legal representations of any parties in any other jurisdiction.

Accordingly, this 28 day of November, 1988, it is

ORDERED that defendant's motion for summary judgment as to Count II is DENIED to the extent that plaintiff is permitted to maintain his claim under the District of Columbia Human Rights Act for the alleged discrimination with regard to jobs located in the District of Columbia.